NATHAN DULEY, Respondent, v. LYDIA A. FRECHETTE, Appellant, et al., Defendants.— Appeal from a judgment of the Supreme Court which adjudged plaintiff to be the owner of certain real property in the County of Clinton, New York, and awarded possession to him. The action was brought by plaintiff to

compel the determination of a claim to real property, and alleged plaintiff's title by way of a tax deed. The answer alleged the tax sale to be void and also that it would be unjust and inequitable for plaintiff to claim any right of title under the circumstances. Plaintiff sold the premises in question to the defendant-appellant and her husband in October, 1945. In 1946, the plaintiff received by mail a bill for taxes and it was discovered that the property was still assessed in his name. Plaintiff returned that bill to the collector with a notation that the property had been sold to the Frechettes. The husband of defendant-appellant paid this tax and after his death she paid the school taxes for 1947 and 1948. She did not receive any tax bill for town taxes for 1946, or subsequent years, and failed to pay the 1946 tax. The tax bills, up to 1949, were sent to the plaintiff who did nothing with them. In January, 1948, the property was offered for sale by the treasurer of Clinton County for the nonpayment of the 1946 taxes and was bid in by the plaintiff who received a tax certificate. In February, 1951, the plaintiff surrendered that certificate of sale and received a tax deed which he promptly recorded. In July, of that year he demanded possession of the property and the defendant-appellant refused to deliver possession. It is conceded that there has been no redemption from the tax sale and it also appeared that there was no communication of any kind between the plaintiff and the purchasers from the time the plaintiff conveyed the property until he demanded possession in July, 1951. The Official Referee held that there were no jurisdictional defects in the assessments and the subsequent tax sale. On the issue of defendant's claim that plaintiff is estopped from asserting ownership through the tax deed because of fraudulent conduct on his part the Referee found that no fraud had been shown. His decision in that regard was based upon the fact that no fiduciary relationship existed between the parties and plaintiff was under no obligation to look out for defendant's interests. We feel constrained to affirm the judgment although we cannot condone plaintiff's conduct in failing to inform the defendant-appellant about the tax bills subsequent to 1946. Judgment unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.